IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Marilyn L. Currie, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:04-23214-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court with the Report of United States Magistrate Judge Bruce H. Hendricks, made in accordance with 28 U.S.C. § 636(b) and Local Rule 73.02 DSC.[1] Marilyn L. Currie ("Currie") seeks judicial review of the Commissioner of Social Security's ("Commissioner") denial of her application for disability insurance benefits ("DIB") under Title II of the Social Security Act. In her Report, Magistrate Judge Hendricks recommends reversing the Commissioner's decision and remanding the case for further proceedings. For the reasons stated below, the court adopts the Magistrate Judge's Report and remands this case for further proceedings.

---

[1] The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the United States District Court. See Mathews v. Weber, 423 U.S. 261, 270-71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter with instructions. See 28 U.S.C. § 636(b)(1).

1

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts are fully set forth in the decision of the administrative law judge ("ALJ"), (R. at 16-26), and summarized as follows. At the time of the hearing before the ALJ, Currie was a thirty-seven-year-old woman with a high school education and one year of college. (Id. at 26, 85.) Her past employment includes working as a certified nursing assistant, a cook, a cashier, and an assembly wrapper. (Id. at 17, 129.) She alleges disability due to asthma, beta thalassemia, chronic abdominal pain, and kidney problems. (Id. at 16.)

On September 28, 2001, Currie filed an application for DIB. (Id. at 16.) The application was denied initially and on reconsideration. On February 23, 2004, after a hearing on February 4, 2004, the ALJ found that Currie was not disabled. (R. at 25.) On November 12, 2004, the Appeals Council denied Currie's request for review. (Id. at 6.) Currie filed the instant action on December 9, 2004.

## II. THE MAGISTRATE JUDGE'S REPORT

Currie contends that the ALJ erred in (1) failing to give adequate weight to her treating physician's opinion; (2) failing to properly evaluate her residual functional capacity; (3) failing to properly assess her credibility; (4) failing to pose a proper hypothetical question to the vocational expert; and (5) failing to provide her representative with an audible copy of the hearing before the ALJ. (Report 6; Pl.'s Mem. Supp. Summ. J. 1-2.) The Magistrate Judge found Currie's allegations to be meritless, with the exception of Currie's third argument that the ALJ failed to properly assess her credibility.

Specifically, the Magistrate Judge states that the ALJ erred in assessing Currie's complaints of pain because the ALJ (1) failed to properly follow the two-step process set forth

2

in Craig v. Chater, 76 F.3d 585, 594-95 (4th Cir. 1996); (2) failed to properly consider the objective evidence of pain; and (3) insufficiently considered whether the limitations on Currie's daily activities corroborated or undermined her subjective complaints of pain. (Report 11-14.)  Accordingly, the Magistrate Judge recommended that the court reverse the Commissioner's decision denying Currie benefits and remand the case for further proceedings.

### III.  DISCUSSION OF THE LAW

#### A.  Standard of Review

Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  See Myers v. Califano, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence" is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion."  Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (internal quotation marks omitted).  Hence, if the Commissioner's finding is supported by substantial evidence, the court should uphold the finding even if the court disagrees with it.  See id.  However, "a factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law."  Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

#### B.  Objections

Objections to the Report must be specific.  Failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge.  See United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984).  In the absence of specific objections to the Report of the

Magistrate Judge, this court is not required to give any explanation for adopting the recommendation.  See Camby v. Davis, 718 F.2d 198, 199 (4th Cir. 1983).

Currie filed no objections to the Magistrate Judge's Report.  However, the Commissioner filed objections to the Report on December 30, 2005.  As an initial matter, Currie filed a reply to the Commissioner's objections on January 24, 2005, arguing that the court should disregard the objections on the basis that they were untimely filed.  Upon review, Currie's argument is meritless as the Commissioner's objections were timely.

The Commissioner first objects to the Magistrate Judge's conclusion that the ALJ's failure to comply with Craig warrants a remand.  Subjective complaints of pain are evaluated under the test articulated in Craig, 76 F.3d at 594-95.  "[T]he determination of whether a person is disabled by pain or other symptoms is a two-step process." Id. at 594.  "First, there must be objective medical evidence showing the existence of a medical impairment(s) which results from anatomical, physiological, or psychological abnormalities and *which could reasonably be expected to produce the pain or other symptoms alleged*." Id. (internal quotation marks omitted).  The ALJ must "expressly consider the threshold question of whether [Currie] . . . demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges." Id. at 596.  Only after a claimant has met the threshold showing of a medical impairment likely to cause pain, "the intensity and persistence of the claimant's pain, and the extent to which it affects her ability to work, must be evaluated." Id. at 595.  In making these determinations,

> [i]t is not sufficient for the adjudicator to make a single, conclusory statement that the "individual's allegations have been considered" or that " the allegations are (or are not) credible."  It is also not enough for the adjudicator simply to

4

> recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight.

SSR 96-7p, 1996 WL 374186, at *2 (1996).

The Commissioner admits that "the ALJ did not specifically state in his decision that objective medical evidence existed which could reasonably produce pain and/or other symptoms alleged by [Currie] before beginning his credibility analysis." (Objections 1.) However, the Commissioner argues that the error was harmless, citing Mickles v. Shalala, 29 F.3d 918, 921 (4th Cir. 1994), for the proposition that the court should affirm the denial of benefits "where the ALJ erred in evaluating the claimant's pain, because he would have reached the same results." (Objections 1.) However, the Commissioner's reliance on Mickles for this proposition is misplaced, as the Mickles decision preceded Craig. Moreover, the Commissioner cited no case applying Mickles to permit the ALJ to ignore the Craig test, and the court has found no published opinion of the United States Court of Appeals for the Fourth Circuit applying Mickles in that way. Hence, the Commissioner's objection is without merit.

The Commissioner further suggests that, because the Magistrate Judge "found" that "the ALJ conducted a satisfactory credibility analysis", the court should overlook the ALJ's failure to follow Craig. (Objections 1.) The Commissioner misconstrues the Magistrate Judge's Report. In fact, the Magistrate Judge found ALJ's credibility analysis lacking. Although the Magistrate Judge concluded that the ALJ had conducted "a satisfactory analysis

of the non-medical evidence of record and concluded that such evidence undermined the credibility of [Currie]'s subjective complaints," Magistrate Judge Hendricks stated, "Notwithstanding these observations, the Court believes the ALJ, [sic] was required to do more." (Report 12, 14.) Specifically, the Magistrate Judge found that "the ALJ should also make an analysis of the *objective evidence of pain*, of which [Currie] contends there is ample," and more sufficiently consider whether Currie's daily activities corroborate or undermine Currie's subjective complaints of pain. (Id. 14.)

In response to the Magistrate Judge's conclusion that the ALJ must consider objective evidence of pain, the Commissioner merely offered the conclusory statement that the ALJ had considered medical and non-medical evidence, with no explanation or even a citation to the record. Moreover, in response to the Magistrate Judge's conclusion that the ALJ had failed to sufficiently consider whether Currie's limitations corroborated or undermined her subjective complaints of pain, the Commissioner stated that she disagreed; that "[a] reading of the decision evidences that the ALJ considered the inconsistencies between [Currie]'s daily activities and her alleged limitations"; and that "in conjunction with the other evidence of record, these activities supported the ALJ's conclusion that [Currie]'s testimony regarding her condition was not credible to the extent she claimed she was disabled." (Objections 2.) These conclusory statements by the Commissioner do not constitute specific objections and are without merit. Based on the foregoing, the court adopts the Magistrate Judge's Report and recommendation.

It is therefore

**ORDERED** that the decision of the Commissioner is reversed and this case is remanded to the ALJ for further proceedings consistent with this opinion.

**IT IS SO ORDERED**.

                                                    s/ Henry M. Herlong, Jr.
                                                    United States District Judge

Greenville, South Carolina
January 26, 2006