IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | | |
|---|---|---|
| Marilyn L. Currie, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:04-23214-HMH-BHH |
| | ) | |
| vs. | ) | **OPINION & ORDER** |
| | ) | |
| Jo Anne B. Barnhart, Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on a motion for attorney's fees and costs pursuant to the Equal Access to Justice Act ("EAJA"). See 28 U.S.C. § 2412(d) (West 1994 & Supp. 2005). Marilyn L. Currie ("Currie") seeks attorney's fees for services rendered in the above-captioned social security action in the amount of Four Thousand Three Hundred Ninety-five Dollars and Forty-two Cents ($4,395.42) (calculated at $155.59 per hour for 28.25 hours). The Commissioner objects to the request for attorney's fees.

"A party who prevails in litigation against the United States is entitled to EAJA attorneys' fees upon timely petition for them if the government's position was not substantially justified and no special circumstances make an award unjust." Thompson v. Sullivan, 980 F.2d 280, 281 (4th Cir. 1992) (internal quotation marks omitted). "[T]he test of whether or not a government action is substantially justified is essentially one of reasonableness." Smith v. Heckler, 739 F.2d 144, 146 (4th Cir. 1984). "In order to defeat an award, the government must show that its case had a reasonable basis both in law and fact." Id. "Substantially justified" means "justified in substance or in the main–that is, justified to a degree that could satisfy a

1

reasonable person." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (internal quotation marks omitted). "To be substantially justified means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." Id. at 566 (internal quotation marks omitted).

Currie argues that she is entitled to attorney's fees pursuant to the EAJA because the Commissioner was not substantially justified in her position. Currie raised five objections to the ALJ's decision, arguing that the ALJ erred in (1) failing to give adequate weight to her treating physician's opinion; (2) failing to properly evaluate her residual functional capacity; (3) failing to properly assess her credibility; (4) failing to pose a proper hypothetical question to the vocational expert; and (5) failing to provide her representative with an audible copy of the hearing before the ALJ. (Report 6; Pl.'s Mem. Supp. Summ. J. 1-2.)

Under Craig v. Chater, 76 F.3d 585, 594 (4th Cir. 1996), the ALJ was required to undertake a two-step test in determining whether Currie's alleged pain was disabling. First, the ALJ must consider whether there was objective medical evidence of a condition which could cause the pain Currie alleges. Id. Only when that threshold requirement is met does the ALJ consider the intensity and persistence of the alleged pain. Id. at 595. The Magistrate Judge concluded that the ALJ failed to comply with Craig in evaluating Currie's alleged disability.

In her objections to the Magistrate Judge's Report, the Commissioner admitted that "the ALJ did not specifically state in his decision that objective medical evidence existed which could reasonably produce pain and/or other symptoms alleged by Plaintiff before beginning his credibility analysis." (Objections 1.) The Commissioner argued that the error was harmless, because the ALJ would have reached the same results. Further, the Commissioner argued that

the ALJ's failure to follow Craig was excusable because the ALJ made a satisfactory credibility analysis.

The Magistrate Judge found that the ALJ had failed to make an analysis of Currie's objective medical evidence of pain and failed to sufficiently consider whether Currie's limitations corroborated or undermined her subjective complaints of pain. The court adopted these findings after concluding that the Commissioner had failed to specifically object to them. (January 26, Order 6-7); see United States v. Schronce, 727 F.2d 91, 94 & n.4 (4th Cir. 1984) (Noting that failure to file specific objections constitutes a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the district judge). Moreover, the court found that the ALJ had not complied with Craig and noted that the Commissioner's argument that the error was harmless and did not warrant remand (because the ALJ would have reached the same result) was unpersuasive because the only published Fourth Circuit decision supporting that proposition predated Craig. (January 26, 2006, Order 5.) After considering the Report and the Commissioner's objections, the court adopted the Report and remanded the case to the ALJ. (Id. 7.)

In response to Currie's assertion that her position was not substantially justified, the Commissioner argues that "[t]he Commissioner reasonably defended the ALJ's credibility analysis." (Govt.'s Resp. Opp'n Atty.'s Fees 2.) The Commissioner submits that, by finding that Currie had "several severe medically determinable impairments [,] . . . . [i]n essence the ALJ made the threshold inquiry required, that is, whether there was objective medical evidence showing the existence of a medically determinable impairment which could reasonably be expected to produce the pain and other symptoms alleged." (Id. 3.) The

3

Commissioner's position is that she reasonably argued that the ALJ had complied with the requirements of Craig.

In Craig, despite the ALJ's determination that the claimant had "severe impairments," the court stated that the ALJ did not "expressly consider the threshold question of whether Craig had demonstrated by objective medical evidence an impairment capable of causing the degree and type of pain she alleges. Instead, the ALJ proceeded directly to considering the credibility of her subjective allegations of pain." Craig, 76 F.3d at 596. The Craig court found that this error warranted a remand of the case to the ALJ. Id. As the Commissioner admitted in her objections to the Report and Recommendation, the ALJ in the instant case made precisely this same error, proceeding directly to an evaluation of Currie's subjective complaints of pain and her credibility without first expressly considering the first step in the Craig analysis. Given Craig, and the lack of authority supporting the Commissioner's position that the ALJ could ignore the first step of the Craig test if he could reach the same result, the Commissioner's position that the ALJ could bypass the first step to proceed directly to the second step of the Craig test lacks a reasonable basis in the law. Therefore, after a careful review of the record and the relevant case law, the court concludes that the Commissioner's position was not substantially justified and grants Currie's motion for attorney's fees pursuant to the EAJA.

It is therefore

**ORDERED** that Currie's motion for attorney's fees under the EAJA, docket number 12, is granted, and Currie is awarded attorney's fees in the amount of Four Thousand Three Hundred Ninety-five Dollars and Forty-two Cents ($4,395.42)

**IT IS SO ORDERED**.

                                                                s/Henry M. Herlong, Jr.
                                                                United States District Judge

Greenville, South Carolina
April 11, 2006